UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. POWER, INC., and<br>SINESONICS [Pty] LTD.<br><br>Plaintiffs,<br><br>v.<br><br>SIEMENS POWER TRANSMISSION<br>AND DISTRIBUTION, L.L.C., and<br>SIEMENS AG,<br><br>Defendants. | Civil No. 05-525 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER** |

David L. Shulman, **LAW OFFICE OF DAVID L. SHULMAN PLLC**, 1005 Franklin Avenue West, Suite 3, Minneapolis, MN 55405, for plaintiffs.

Teresa J. Kimker, **HALLELAND LEWIS NILAN & JOHNSON PA**, 220 South Sixth Street, Suite 600, Minneapolis, MN 55402, for defendants.

Plaintiffs U.S. Power, Inc. and Sinesonics, Ltd. bring this lawsuit against defendants Siemens Power Transmission and Distribution, L.L.C. ("SPTD") and Siemens AG, (collectively, "defendants" or "Siemens"), alleging breach of contract. Defendants counterclaim for breach of contract and intentional interference with contract. Plaintiffs move to dismiss defendants' counterclaims.

## BACKGROUND

Plaintiffs and defendants are electrical companies doing business in South Africa. They entered into a settlement agreement in May 1999 to resolve claims arising out of plaintiffs' subcontracts with defendants on two municipal contracts, the Johannesburg Electricity Department project and the Pretoria Electricity Department project.

Pursuant to the settlement agreement, plaintiffs' subcontracts with defendants were cancelled, and defendants took over responsibility for those projects. The settlement agreement also dealt with claims that plaintiffs believed they had against the City of Pretoria. The settlement agreement provided that plaintiffs would assign their claims against the City of Pretoria to defendants, that defendants would use their best efforts to pursue plaintiffs' claims against the City of Pretoria, and that defendants would pay plaintiffs 50% of any recovery they received. In addition, plaintiffs agreed that they would not have any contact with the City of Pretoria related to those claims or the contract.

After the parties entered into the settlement agreement, plaintiff Sinesonics delivered documents to the City of Pretoria regarding "irregularities" with SPTD's performance of the Pretoria project. Sinesonics also informed the City of Pretoria that it should investigate SPTD's performance of the project. The City of Pretoria did investigate the project, and SPTD was asked to respond to various inquiries from the City.

Defendants entered into a subsequent agreement with plaintiffs, pursuant to which the parties agreed to tender the Pretoria project claims to a neutral South African

arbitrator, who would then offer his opinion as to which of the claims had merit. Defendants would then use their "best efforts" in pursuing the Pretoria claims that the arbitrator determined to have merit.

After the arbitrator issued his opinion finding that two of the Pretoria claims had merit, defendants tendered a check to plaintiff Sinesonic for 50% of the claimed amount for those claims. Sinesonic, however, refused to accept the check. Plaintiffs then brought an action against defendants in South Africa and also brought the instant lawsuit in this Court.

## ANALYSIS

### I. STANDARD OF REVIEW

In a motion to dismiss, the Court construes the counterclaim in the light most favorable to the plaintiff and presumes all facts alleged in the counterclaim to be true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). The Court may dismiss a claim only where the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002).

### II. MOTION TO DISMISS DEFENDANTS' BREACH OF CONTRACT CLAIMS

Plaintiffs argue that Counts 1 and 3 of defendants' counterclaim for breach of contract should be dismissed for failure to allege a cognizable injury.

At the pleading stage, general factual allegations of injury resulting from the opposing party's conduct may suffice, for on a motion to dismiss the court presumes that general allegations embrace those specific facts that are necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Davis v. Forest River, Inc.*, 2002 WL 764262, at *1 (Minn. Ct. App. Apr. 30, 2002) (reliance damages available under Minnesota law).

Viewing defendants' counterclaim in the light most favorable to defendants, as the Court must on a motion to dismiss, the Court finds that defendants' allegations are sufficient to state a claim upon which relief may be granted. First, in Count 1, defendants allege that they entered into a valid and binding settlement agreement with plaintiffs, and that under the terms of the settlement agreement, plaintiffs were required to have no contact with the City of Pretoria. Defendants claim that plaintiffs violated those provisions and thereby breached the settlement agreement by requesting the City of Pretoria to commence an investigation into defendants. Defendants further claim that they incurred costs and suffered damages that they otherwise would not have incurred if plaintiffs had not requested the investigation. Second, in Count 3 of their Counterclaim, defendants allege that they entered into a subsequent agreement with plaintiffs, which required the arbitrator's decision to be followed. Defendants claim that plaintiffs violated this provision by refusing to abide by the arbitrator's decision, and thereby breached the subsequent agreement. Defendants assert that they were damaged because they were forced to incur costs for the arbitrator. Based on these allegations, the Court finds that defendants have adequately pled claims for damages resulting from plaintiffs' alleged

breach of contract. Therefore, the Court denies plaintiffs' motion to dismiss defendants' breach of contract counterclaims.[1]

## II.    MOTION TO DISMISS DEFENDANTS' CLAIM FOR INTERFERENCE WITH CONTRACT

Plaintiffs argue that Count 2 of defendants' counterclaim, which alleges intentional interference with contract, should be dismissed because defendants failed to allege that plaintiffs intentionally procured a breach of contract. However, an actual breach of contract is not required for a tortious interference claim to exist. *See*, *e.g.*, *A & L Labs., Inc. v. Bou-Matic, LLC*, 2003 WL 21005305, at *3 (D. Minn. Apr. 25, 2003); *Oak Park Dev. v. Snyder Bros.*, 499 N.W.2d 500, 505-06 (Minn. Ct. App. 1993). Rather, tortious interference requires a showing that (1) there is a contract; (2) the tortfeasor knew about the contract; (3) the tortfeasor obtained or attempted to obtain the breach of that contract; (4) without justification; (5) resulting in damages. *A & L Labs.*, 2003 WL 21005305, at *3; (citing *Kallok v. Medtronic, Inc.*, 573 N.W.2d 356, 361 (Minn. 1998); *Metro. Sports Facilities Comm'n v. Minn. Twins P'ship*, 638 N.W.2d 214, 228 (Minn. Ct. App. 2002)).

Viewing the allegations in the light most favorable to defendants, the Court finds that defendants have set forth sufficient facts to support each element of a claim for

---

[1] Plaintiffs also argue that contacting the City of Pretoria qualifies as the exercise of their First Amendment right to petition the government, and that they are therefore immune from liability for that conduct under the *Noerr-Pennington* doctrine. *See In re IBP Confidential Bus. Documents Litig.*, 755 F.2d 1300, 1312 (8th Cir. 1985). However, the parties have not offered, and the Court has not discovered, any reported case law on the issue of whether *Noerr-Pennington* applies where, as here, an alien is petitioning a foreign government. Therefore, the Court declines to consider the applicability of *Noerr-Pennington* at this time.

intentional interference with contractual relations. Specifically, defendants allege that plaintiffs intentionally interfered with SPTD's contract and business relationship with the Pretoria Electrical Department by communicating with the City of Pretoria regarding defendants' performance of the underlying project. Defendants also allege that their business and reputation were thereby damaged, and that they were forced to incur additional costs to respond to the Pretoria Electircal Department's questions and concerns regarding their performance of the underlying project. Therefore, the Court denies plaintiffs' motion to dismiss Count 2.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs' motion to dismiss defendants' counterclaims [Docket No. 39] is **DENIED**.

DATED:   July 5, 2006  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge